IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KRISHAWN BROWN,

                OPINION AND ORDER

        Plaintiff,

                18-cv-483-bbc

        v.

CCI STAFF MEMBERS, OFFICER CASCADN
and SECURITY DIRECTOR WEBER,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Krishawn Brown, who is incarcerated at the Columbia Correctional Institution, has filed this proposed civil action under 42 U.S.C. § 1983, alleging that defendant Officer Cascadn dispensed him the wrong medication and defendants "CCI Staff Members" and Security Director Weber failed to address his complaints about it, in violation of his rights under the Eighth Amendment. In addition, plaintiff has filed a "motion for wrongful medication," dkt. #2, which I understand to be a supplement to his complaint. Plaintiff's complaint and supplement are before the court for screening under 28 U.S.C. § 1915A.

Unfortunately, I cannot review the potential merits of plaintiff's claims at this time because his pleading does not provide enough information to support a federal claim, as required by Rule 8 of the Federal Rules of Civil Procedure. Although I am dismissing

1

plaintiff's complaint, I will give plaintiff an opportunity to file an amended complaint that explains his claim more clearly.

OPINION

Plaintiff Krishawn Brown says very little in his complaint, alleging only that at about 7:30 or 8:00 p.m. on April 1, 2018, defendant Cascadn gave him the wrong medication and that he wrote to defendant Weber and other correctional staff about the incident but they only referred him to health services unit staff and told him to file a public records request. In his subsequently-filed motion, plaintiff makes similar allegations and attaches several documents related to complaints that he made about the incident.

A.  Defendant Cascadn

I understand plaintiff to be raising a claim that defendant Cascadn dispensed him the wrong medication with conscious disregard for the harm it would cause him, in violation of the Eighth Amendment.  To prevail on an Eighth Amendment deliberate indifference claim, plaintiff must show that the defendant was aware that plaintiff was being subjected to a substantial risk of serious harm, but defendant was "deliberately indifferent" or consciously refused to take reasonable measures to prevent the harm.  Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).  Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment.  Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996).  Although "[a]dministering

the wrong medication may well pose a substantial risk of harm," Robbins v. Waupun Correctional Institution, 2016 WL 5921822, at *3 (E.D. Wis. Oct. 11, 2016), it depends on the circumstances. If defendant simply grabbed the wrong medication card or misread the correct dosage amount, that conduct would suggest nothing more than negligence at most. Id. ("[O]ne isolated mistake does not allow a plausible inference of deliberate indifference.") (quoting Morrison v. Utz, 2012 WL 293548, at *2 (C.D. Ill. Jan. 31, 2012)). However, if defendant intentionally failed to take basic steps to prevent a mistake, this could qualify as a conscious refusal to act reasonably under the Eighth Amendment. Thomas v. Wall, 2016 WL 3006834, at *1-2 (W.D. Wis. May 23, 2016).

Although plaintiff alleges that defendant Cascadn gave him the wrong medication, plaintiff's allegations are too vague to allow me to determine whether he can state a claim upon which relief may be granted under the Eighth Amendment. For example, he provides no information about what the medication was, whether he swallowed it, what harm it caused, whether Cascadn knew he gave plaintiff the wrong medication or how he responded when he learned that he did, whether and when plaintiff received his correct medication or why he believes that Cascadn acted with deliberate indifference and not inadvertent error or negligence.

Plaintiff attaches several documents to his pleading that may answer some of these questions, but he must include all of this information in the complaint itself. He cannot expect the court and the defendants to search through numerous documents for relevant information to support his claims. Under Fed. R. Civ. P. 8(a)(2), a complaint must include

"a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8. Accordingly, I must dismiss it without prejudice. As discussed further below, plaintiff is free to file an amended complaint that includes the allegations that are missing.

## B. Other Defendants

Plaintiff also alleges that he complained to various correctional officials, including defendant Weber, but they referred him to health services or told him to file a records request or another type of complaint. Plaintiff does not say exactly what he complained about or what responses he received. Without more, such conduct does not rise to the level of deliberate indifference. A supervisor can be held liable under § 1983 only if "the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." Wilson v. Warren County, Illinois, 830 F.3d 464, 469 (7th Cir. 2016). In other words, Weber or the other Doe defendants must have been personally involved in giving plaintiff the wrong medication. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). See also McGee v. Adams, 721 F.3d 474, 485 (7th Cir. 2013) (holding same).

In addition, prison officials are under no obligation to provide an effective grievance procedure, or for that matter, any grievance system at all. <u>Owens v. Hinsley</u>, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

## C.  <u>Next Steps</u>

If plaintiff chooses to file an amended complaint, he should keep it short and to the point and draft it as if he was telling a story to people who know nothing about his situation. In particular, he should include allegations that would allow someone reading the complaint to answer the following questions:

- What medication was plaintiff supposed to receive?  What medication did plaintiff actually receive?

- What were the events that led up to plaintiff being given the wrong medication?

- When did plaintiff learn that he received the wrong medication?  When did defendant Cascadn learn that plaintiff received the wrong medication? What did Cascadn do?

- Did plaintiff swallow the wrong mediation?  If so, did it cause him any

  harm?

- Who did plaintiff complain to and what did he say?  When did he file the complaints?  How did each person respond?

If plaintiff's amended complaint satisfies Rule 8, I will consider the merits of his claims.

ORDER

IT IS ORDERED that plaintiff Krishawn Brown's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8.  Plaintiff may have until October 9, 2018 to file an amended complaint that complies with Rule 8.  If plaintiff does not file an amended complaint by October 9, the clerk of court is directed to close this case.

Entered this 18th day of September, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge