IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KRISHAWN BROWN,

                Plaintiff,

v.

KATHY CASCADDEN,

                Defendant.

OPINION AND ORDER

18-cv-483-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Krishawn Brown, who is incarcerated at the Columbia Correctional Institution, is proceeding on an Eighth Amendment claim that defendant Kathy Cascadden dispensed him the wrong medication and refused to allow him to seek medical attention afterwards. Before the court is defendant's motion for summary judgment. Dkt. #29. For the reasons below, I am granting defendant's motion and closing this case.

Although plaintiff has filed a declaration stating his version of the events and responded to defendant's proposed findings of fact, he did not propose any facts of his own in support of his claim. This court's summary judgment procedures, which are attached to the January 7, 2019 preliminary pretrial conference order entered in this case, dkt. #22, warn litigants that "[a]ll facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact," and "[t]he court will not search the record for factual evidence. Even if there is evidence in the record to support your position on summary judgment, if you do not propose a finding of fact with the proper citation, the court will not consider that evidence when deciding the motion." Proc. to be

1

Followed on Motions for Summ. Judg., § II.C. at p. 1. The Court of Appeals for the Seventh Circuit "has routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions." Abraham v. Washington Group International, Inc., 766 F.3d 735, 737 (7th Cir. 2014). See also Schmidt v. Eagle Waste & Recycling, Inc., 599 F.3d 626, 630-31 (7th Cir. 2010) (holding that district court did not err when it deemed defendant's proposed findings of fact admitted and refused to consider additional facts because plaintiff failed to follow local procedures on proposed findings of fact). Therefore, in accordance with this court's summary judgment procedures, I find the following facts proposed by defendant to be undisputed unless otherwise noted.

UNDISPUTED FACTS

At approximately 8:30 p.m. on March 25, 2018, defendant Kathy Cascadden, a correctional officer, was passing out medication at a dispensary window when plaintiff Krishawn Brown approached to receive his acetaminophen. Defendant told plaintiff to wear his coat properly because he had his arms tucked into the sleeves without his hands showing. Plaintiff and defendant argued about the coat. (The parties disagree about the exact words they exchanged about plaintiff's coat, but the dispute is not material to plaintiff's Eighth Amendment claim. Although plaintiff argues that the exchange violated his First Amendment right to free speech, I have not considered that argument because plaintiff was not allowed to proceed on such a claim.) Defendant then removed pills from a blister pack and gave them to plaintiff in a paper cup. (The parties dispute whether defendant showed

2

plaintiff the blister pack of pills before giving them to him. Defendant says that she showed plaintiff his card of acetaminophen, punched out the pills and placed the card on top of the cart to be turned in for a refill. Plaintiff says that defendant held up the blister pack of pills but he was not able to see it very well because it was three and a half to four feet away from him. He says that he was able to make out a name starting with "Bro" but nothing else, so he just accepted the pills.)

After walking away from the window, plaintiff returned, claiming that he had received the wrong medication. (Defendant says that she gave plaintiff the acetaminophen that he was supposed to receive. Plaintiff says that he returned to the window because he realized that he had been given too many pills and that the blister pack shown to him had several pills missing. According to plaintiff, he was supposed to receive only two pills (he allegedly received four pills) and his blister pack should have been full because his last pack had run out on March 13, 2018 and had not been refilled until March 25. He also says that after returning to the window, he was able to see that the pack had the name "Brooks, Keith." Plaintiff claims that he was given Keith Brooks's perphenazine (a psychiatric medication) incorrectly because defendant was not paying attention and was overly concerned with how plaintiff was wearing his coat.)

Correctional Officer Connor Baker, who was present during the medication pass, contacted Lieutenant Terrence Judd to tell him about plaintiff's claim that he had received the wrong medication. Judd then called defendant to ask her if she had followed proper procedures, and defendant responded that she had done so. (Plaintiff says defendant lied

to him about giving him the correct pills.)

At 8:30 a.m. on March 26, 2018, plaintiff reported having felt shaky and lightheaded and having diarrhea the night before from the alleged medication error. Upon examination, plaintiff exhibited no apparent abnormalities apart from claimed anxiety, and his vital signs were normal with a body temperature of 97.2 Fahrenheit, blood pressure of 113/65 and a pulse of 53. On March 28, plaintiff sought treatment for foot and finger injuries that he sustained while playing basketball. (Plaintiff says that the injuries occurred because he was still lightheaded and sluggish from the wrong medication.)

OPINION

To prevail on an Eighth Amendment deliberate indifference claim, plaintiff must show that defendant was aware that plaintiff was being subjected to a substantial risk of serious harm but was either "deliberately indifferent" or consciously refused to take reasonable measures to prevent the harm. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Any time a prisoner receives the wrong medication, there is a risk of harm. Robbins v. Waupun Correctional Institution, 2016 WL 5921822, at *3 (E.D. Wis. Oct. 11, 2016) ("Administering the wrong medication may well pose a substantial risk of harm, depending on the circumstances."). However, courts have found that "one isolated mistake does not allow a plausible inference of deliberate indifference." Id. (quoting Morrison v. Utz, 2012 WL 293548, at *2 (C.D. Ill. Jan. 31, 2012)). Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the

4

Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996).

A reasonable jury would not conclude from the undisputed facts in this case that defendant was deliberately indifferent to a serious risk of harm to plaintiff. Although the parties dispute whether defendant gave plaintiff the incorrect medication, followed the prison's medication delivery policy or showed the medication blister pack to plaintiff so plaintiff could verify what he was taking, these disputes do not affect the outcome of this case. At most, defendant's one-time error amounts to negligence or gross negligence. Richmond v. Dart, 2012 WL 567245, at *2 (N.D. Ill. Feb. 17, 2012) ("The officer, the nurse—and Plaintiff himself, for that matter—all may have been negligent for failing to confirm that the medication in question was being taken by the right inmate. But neither negligence nor gross negligence implicates the Constitution."); Davis v. Baker, 2010 WL 779502 (S.D. Ind. Feb. 26, 2010) (granting summary judgment to defendant on claim that defendant handed inmate wrong medication one time); Kirkwood v. Sirin, 2006 WL 587698 *3 (E.D. Wis. Mar. 9, 2006) (no constitutional claim for being given wrong medication on one day). Although plaintiff says that defendant lied about what happened after the incident, he has failed to present any evidence from which a reasonable jury could conclude that defendant intentionally or consciously gave him the wrong medication at the time she was distributing it. In fact, in his response to defendant's proposed findings of fact, plaintiff describes defendant as inattentive and distracted by the way he was wearing his coat.

In addition, the incident was reported to a supervisor, and plaintiff saw a nurse the next morning for his reported symptoms. The nurse's evaluation did not reveal any

5

abnormalities. In any event, a reasonable jury would not conclude that the temporary symptoms of shakiness, lightheadedness and diarrhea experienced by plaintiff placed him at a substantial risk of serious harm, even if he later fell because he was lightheaded. Morrison, 2012 WL 293548, at *2 (finding same with respect to inmate's temporary symptoms of intestinal problems, headache and heart fluttering after he was mistakenly given another inmate's high blood pressure medication).

Finally, even if plaintiff had shown that a reasonable jury could conclude that defendant's action qualified as deliberate indifference, I would conclude that defendant is entitled to qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, 566 U.S. 658, 664 (2012). Qualified immunity is an affirmative defense, but the plaintiff carries the burden of defeating it once it is raised. Rabin v. Flynn, 725 F.3d 628, 632 (7th Cir. 2013). To defeat the qualified immunity defense, the plaintiff must show that: (1) the defendant violated a constitutional right; and (2) the right was clearly established at the time so that it would have been clear to a reasonable official that his or her conduct was unlawful in the situation. Saucier v. Katz, 533 U.S. 194, 201-02 (2001); Ewell v. Toney, 853 F.3d 911, 919 (7th Cir. 2017).

Plaintiff has identified no legal authority indicating that a correctional officer violates the Eighth Amendment by dispensing an inmate the wrong medication on one occasion under circumstances similar to those in this case. Although plaintiff cites Flynn v. Doyle,

6

672 F. Supp. 2d 858, 864 (E.D. Wis. 2009), that case involved allegations of systematic errors in the medication system resulting in more than one patient receiving the wrong medications. In fact, the court in Flynn noted specifically that "[i]mportantly, this case challenges the delivery of health care services to the inmate population at TCI on a systemic, institutional level." Id. at 876. Although plaintiff now attempts to argue that numerous inmates at the Columbia Correctional Institution have been given the wrong medication, plaintiff was not allowed to proceed on a claim of systematic errors in the medication delivery process at Columbia Correctional Institution or that defendant in particular regularly committed errors in distributing medication to other inmates, and he has not presented admissible evidence that would support such claims. As discussed above, courts have not found liability under the Eighth Amendment when addressing claims involving correctional officers making a one-time mistake in dispensing an inmate's medication, which resulted in only temporary side effects not requiring treatment. Accordingly, defendant is entitled to summary judgment on the merits of plaintiff's claim and on the ground of qualified immunity.

ORDER

IT IS ORDERED that defendant Kathy Cascadden's motion for summary judgment, dkt. #29, is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 20th day of November, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge